

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY A. PLEASANT,

    Petitioner,

v.                                Civil Action No. 3:14CV783

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Following a jury trial, this Court convicted Jeffrey A. Pleasant of two counts of interfering with commerce by threats or violence, two counts of carrying a firearm during and in relation to a crime of violence, two counts of possession of a firearm in furtherance of a crime of violence, and one count of possession of a firearm by a convicted felon. See United States v. Pleasant, 31 F. App'x 91, 92 (4th Cir. 2002). The Court sentenced Pleasant to 622 months of imprisonment. Id. By Memorandum Opinion and Order entered on April 22, 2003, the Court denied a motion under 28 U.S.C. § 2255 filed by Pleasant. United States v. Pleasant, No. 3:00CR71 (E.D. Va. Apr. 22, 2003), ECF Nos. 93-94. The matter is before the Court on Pleasant's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("§ 2254 Petition").

In his § 2254 Petition, Pleasant seeks to challenge several criminal cases from the Circuit Court for the City of Richmond.

(§ 2254 Pet. at 2 (citing CR00-362-F, CR00-363-F, CR00-364-F, CR00-F-1026, CR00-F-1027, CR00-F-1028)). Pleasant, however, attached to his § 2254 Petition an order from the Circuit Court reflecting the Commonwealth's Attorney withdrew the indictments for the above referenced cases and "would not be presenting such charges to the grand jury." (Id. Ex. A, at 1.) As such, Pleasant fails to coherently articulate how he is "in custody pursuant to the judgment of a State court" with respect to the criminal cases listed in his § 2254 Petition. 28 U.S.C. 2254(a). This action appears to be another frivolous attempt by Pleasant to challenge his federal convictions. See Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1 n.2 (E.D. Va. Jan. 28, 2014) (dismissing a § 2241 Petition by Pleasant that purported to challenges some of these same state criminal cases). Accordingly, by Memorandum Order entered on April 16, 2015, the Court directed Pleasant to show cause, within eleven (11) days of the date of entry thereof, why the action should be not dismissed.

More than eleven (11) days have elapsed since the entry of the April 16 2015 Memorandum Order and Pleasant has not responded. Accordingly, the action will be dismissed as legally frivolous. Pleasant's Motion for an Extension of Time to submit the filing fee (ECF No. 6) will be granted.

2

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Pleasant.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 21, 2015