IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEFFREY A. PLEASANT,

    Petitioner,

v.                                             Civil Action No. 3:14CV783

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Following a jury trial, this Court convicted Jeffrey A. Pleasant of two counts of interfering with commerce by threats or violence, two counts of carrying a firearm during and in relation to a crime of violence, two counts of possession of a firearm in furtherance of a crime of violence, and one count of possession of a firearm by a convicted felon. See United States v. Pleasant, 31 F. App'x 91, 92 (4th Cir. 2002). The Court sentenced Pleasant to 622 months of imprisonment. Id. By Memorandum Opinion and Order entered on April 22, 2003, the Court denied a motion under 28 U.S.C. § 2255 filed by Pleasant. United States v. Pleasant, No. 3:00CR71 (E.D. Va. Apr. 22, 2003), ECF Nos. 93-94. Pleasant then filed the present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). By Memorandum Opinion and Order entered on May 22, 2015, the Court dismissed the § 2254 Petition as another frivolous attempt by Pleasant to challenge his federal

convictions.[1] On June 4, 2015, the Court received from Pleasant a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion").

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Pleasant apparently relies

---

[1] In his § 2254 Petition, Pleasant sought to challenge several criminal cases from the Circuit Court for the City of Richmond. (§ 2254 Pet. at 2 (citing CR00-362-F, CR00-363-F, CR00-364, CR00-F-1026, CR00-F-1027, CR00-F-1028)). Pleasant, however, attached to his § 2254 Petition an order from the Circuit Court reflecting that the Commonwealth's Attorney withdrew the indictments for the above referenced cases and "would not be presenting such charges to the grand jury." (Id. Ex. A, at 1.) As such, Pleasant failed to coherently articulate how he is "in custody pursuant to the judgment of a State court" with respect to the criminal cases listed in his § 2254 Petition. 28 U.S.C. 2254(a). Thus, the action appeared to be another frivolous attempt by Pleasant to challenge his federal convictions. See Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1 n.2 (E.D. Va. Jan. 28, 2014) (dismissing a § 2241 Petition by Pleasant that purported to challenge some of these same state criminal cases). Accordingly, by Memorandum Order entered on April 16, 2015, the Court directed Pleasant to show cause, within eleven (11) days of the date of entry thereof, why the action should be not dismissed. Pleasant failed to file a timely response to that Memorandum Order, and the Court dismissed the action.

upon the third ground.  Pleasant, however, fails to demonstrate that the dismissal of his action rested upon a clear error of law or that vacating that dismissal is necessary to prevent a manifest injustice.  Accordingly, Pleasant's Rule 59(e) Motion (ECF No. 11) will be denied.  The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Pleasant.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 17, 2015